Black v. State.

---

## H. K. BLACK ET AL. V. STATE OF NEBRASKA.

FILED DECEMBER 4, 1914.   No. 18,742.

1. **Criminal Law:** APPEAL: AFFIRMANCE.   The record submitted, and on which a reversal of the judgment of the district court is demanded, does not affirmatively show any prejudicial error committed against plaintiffs in error.

2. **Game Laws:** VALIDITY.   The unconstitutionality of certain sections of the game laws of this state is alleged, but no sufficient reason is pointed out to justify the contention.

97 Neb. 18

. ERROR to the district court for Dawes county: WILLIAM
H. WESTOVER, JUDGE. *Affirmed.*

*Allen G. Fisher* and *William P. Rooney,* for plaintiffs
in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edg-
erton, contra.*

REESE, C. J.

This is a proceeding in error to the district court for
Dawes county. The record before us shows that plaintiffs
in error, who will hereafter be referred to herein as de-
fendants, were arrested upon a warrant issued by the
county judge of Dawes county upon a complaint filed by
W. W. Naylor; the first count thereof charging the de-
fendants with going upon the lands of the complainant in
said county on the 10th day of May, 1914, and unlawfully
fishing and angling for fish with rods, lines, and hooks,
with the intent to capture the same, they not having the
consent of the said Naylor so to do. The second count of
the complaint is to the effect that the defendants and one
Ed. Czerney did go upon said lands in said county on said
day and wrongfully did take and kill two trout on the land
of said W. W. Naylor, the same not being public land,
and without the consent of said Naylor; said taking and
killing of said trout being done with rods, lines, and hooks.
There is also a complaint copied into the county judge's
transcript, made by one Ed. P. Butler, deputy game war-
den of said county, charging that defendant Johnson was
guilty of fishing on said day without a license so to do;
but just what was the purpose of that complaint is not
made clear. Whether it was intended as a second and in-
dependent prosecution, or was intended as a part of the
main case, is past finding out from the record. The de-
fendants were tried before the county judge, found guilty,
and fined in the sum of $5 each. The cause was removed
to the district court, where, it is recited, a jury trial was
had, it being stipulated that the trials should be had at the

same time to the same jury, but the record fails to show what the verdicts were. There is a kind of running history of the proceedings, presumably prepared by counsel, in which it is said a trial was had, when the jury returned into court the verdicts "in words, letters and figures following: (To Clerk: Here copy verdicts, with indorsements)—which are received and recorded by the court," etc.; but the clerk failed to "copy," and there is no record of the "verdicts" anywhere in the transcript. There were probably separate verdicts, but what they were we are unable to say; the record giving no information upon that subject. In this condition of the transcript, it is impossible for us to say what the proceedings were, and, all presumptions being in favor of the regularity of the acts of the district court, we will presume that court did its duty.

It is shown by the record that each defendant was fined $5 upon the joint complaint, and Johnson was fined $10 for fishing without a license. As the record shows there was more than one verdict, it may be that more than one trial was had, although to the one jury by agreement as per stipulation, or otherwise. Upon this part of the case no prejudicial error affirmatively appears, which must be the case before this court can reverse a judgment.

It is claimed that, for various reasons, the law under which this prosecution arose is unconstitutional, but we are unable to discover any infraction of the constitution in the substance or passage of the section referred to.

The judgment of the district court is

AFFIRMED.